IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
| v. | Case No. _____ |
| XAVIER AMPILLIO ELIAS and THOMAS KIENSTRA CUSHMAN | Violations:  21 U.S.C. §§ 846 and 853 |

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or about January 2023 through the date of this Indictment, in the Districts of North Dakota, Eastern and Central California, Middle Pennsylvania, Oregon, Colorado, and elsewhere,

XAVIER AMPILLIO ELIAS and
THOMAS KIENSTRA CUSHMAN

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Drug Quantity

The amount involved in this conspiracy attributable to the defendants, as a result of their own conduct, and of the conduct of other conspirators reasonably foreseeable to them, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, California, Pennsylvania, Oregon, Colorado, and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine;

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that one or more conspirators possessed firearms during, in relation to, and in furtherance of the conspiracy;

6. It was further a part of said conspiracy that one or more conspirators sent and received methamphetamine through the United States mail;

7. It was further a part of said conspiracy that one or more conspirators sent and received payment for and proceeds of methamphetamine sales through the United States mail;

8. It was further a part of said conspiracy that one or more conspirators utilized peer-to-peer money transfer services, including but not limited to Cash App and Venmo, to send and receive payment for and proceeds of methamphetamine sales;

9. It was further a part of said conspiracy that one or more conspirators utilized encrypted messaging applications, including but not limited to Kik and Signal, to facilitate the distribution of methamphetamine;

In violation of Title 21, United States Code, Section 846, and Pinkerton v. United States, 328 U.S. 640 (1946).

FORFEITURE NOTICE

Upon conviction of the offense alleged in this Indictment,

THOMAS KIENSTRA CUSHMAN

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation of Title 21, United States Code, Section 846, and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of the violation, including but not limited to:

- Raven Arms, Model MP-25, .25 caliber pistol, bearing Serial Number 1742761.

If any of the forfeitable property as a result of any act or omission of a defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), to seek forfeiture of any property of said defendants up to the value of the forfeitable property.

                    A TRUE BILL:

                    /s/ Foreperson_____
                    Foreperson

/s/ Mac Schneider
MAC SCHNEIDER
United States Attorney